IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL J. M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17-CV-379-JFJ |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Earl J. M. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.      Standard of Review**

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). The Court may neither re-weigh the evidence nor substitute its

judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, the Commissioner's decision stands so long as it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

II.     **Procedural History**

Plaintiff, then a 59-year-old male, applied for Title II benefits on July 9, 2014, alleging a disability onset date of August 31, 2013. R. 22. Plaintiff claimed that he was unable to work due to a spinal injury caused by a rollover motor vehicle accident in 2011. See R. 25, 27. Plaintiff's claim for benefits was denied initially on August 25, 2014, and on reconsideration on November 13, 2014. R. 82-104. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ conducted the hearing on January 27, 2016. R. 22, 38-81. The ALJ issued a decision on April 18, 2016, denying benefits and finding Plaintiff not disabled because he was able to perform other work. R. 19-32. The Appeals Council denied review, and Plaintiff appealed. R. 1-3; ECF No. 2.

III.    **Issue on Appeal**

On appeal, Plaintiff raises only one point of error. Plaintiff contends that the ALJ erred because his residual functional capacity ("RFC") assessment is not supported by substantial evidence. *See* ECF No. 20 at 6. Specifically, Plaintiff argues that the ALJ failed to include all permanent restrictions imposed by his treating physician, Frank Tomecek, M.D., in the RFC. For the reasons explained below, the Court reverses and remands the decision to the Commissioner.

**IV.   Analysis – RFC Assessment**

Prior to step four of the sequential evaluation process, the ALJ must determine Plaintiff's RFC, which reflects the most a claimant can do despite any impairments. *See* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1); SSR 96-8p. RFC findings "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." SSR 96-8p.

In his decision, the ALJ found Plaintiff had the RFC to perform light work as follows:

> He has the ability to stand/walk six (6) hours in an 8-hour workday; can sit six (6) hours in an eight-hour workday, and lift/carry ten (10) pounds frequently, and twenty (20) pounds occasionally. [Plaintiff] should avoid climbing ladders, ropes, or scaffolds. He can only occasionally climb ramps and stairs but should avoid crawling altogether. He can occasionally bend, stoop, kneel or crouch.

R. 25. Importantly, the ALJ did not include a limitation that Plaintiff must be able to sit and stand as Plaintiff requires. Based on Plaintiff's age, education, work experience, and RFC, the ALJ found Plaintiff could not perform past relevant work but could perform the representative jobs of rental car deliverer, bookmobile driver, and mobile lounge driver. R. 30-31.

In reaching the RFC determination, the ALJ relied exclusively on Dr. Tomecek's opinion. R. 29. In the decision, the ALJ stated he gave "great weight" to Dr. Tomecek's opinion, "because his opinion is consistent with surgical/physical therapy notes and the objective medical evidence in this case," and because "Dr. Tomecek has treated [Plaintiff] throughout his injury and is his surgeon." R. 29. When an ALJ gives great weight to a medical opinion, he signals that he accepts all the limitations set forth in that opinion. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007).

Despite the ALJ's reliance on Dr. Tomecek's opinion, the RFC assessment omits a significant limitation stated in Dr. Tomecek's opinion – that Plaintiff be permitted to stand or sit

3

as Plaintiff requires. Specifically, Dr. Tomecek's "Physician Recommendation Report" dated February 18, 2013, stated "Yes" in a check box beside the statement that Plaintiff must "[a]lternate [s]itting and [s]tanding as required by patient." R. 521. In a narrative opinion prepared on the same day, Dr. Tomecek stated Plaintiff "should be able to alternate sitting and standing as required." R. 523.[1] Nonetheless, the ALJ did not include this sit/stand limitation in Plaintiff's RFC. R. 25. Given the ALJ's omission of this limitation expressed in Dr. Tomecek's opinion, the RFC is not supported by substantial evidence.

In her response brief, the Commissioner contends the ALJ reasonably read Dr. Tomecek's narrative opinion to indicate that Plaintiff could alternate between sitting and standing as required *by a job*, but that Plaintiff did not need the ability to sit and stand *as Plaintiff required*. The Commissioner points to the hearing transcript in support. At the hearing, the ALJ stated:

> [Dr. Tomecek] said should be able to. That's a functional ability. That's not telling him a restriction. He said should be able to, which means he can do it. . . . He should be able to alternate sitting and standing. In other words, that's a capability he has, not a restriction."

R. 46-47. However, the ALJ's interpretation ignores Dr. Tomecek's contemporaneous Physician Recommendation Report, in which Dr. Tomecek checked "Yes" beside the statement that Plaintiff must "[a]lternate [s]itting and [s]tanding *as required by patient*." R. 521 (emphasis added). The ALJ's reading of Dr. Tomecek's narrative opinion directly contradicts Dr. Tomecek's check-box affirmation in the Physician Recommendation Report.[2] Therefore, the ALJ's interpretation of the sit/stand limitation is unreasonable. "An ALJ is not entitled to pick and choose through an

---

[1] The Court notes that the limitations contained in Dr. Tomecek's narrative opinion closely track the limitations contained in the contemporaneous Physician Recommendation Report. *See* R. 521, 523.

[2] Even the Commissioner acknowledges that the ALJ's reading of Dr. Tomecek's narrative statement "seemingly contradict[s]" the "check-box style form completed the same day." ECF No. 22 at 7.

4

uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Haga*, 482 F.3d at 1208. As a result, the ALJ's RFC, which omits the at-will sit/stand restriction, is not supported by substantial evidence.

Moreover, the ALJ's omission of the sit/stand limitation is significant for purposes of the step five analysis. At the hearing, the ALJ asked the vocational expert ("VE") a question regarding a hypothetical individual of Plaintiff's age and education who could stand and walk six hours each in an eight-hour day; could lift and carry 10 pounds frequently and 20 pounds occasionally; could never crawl or climb ladders, ropes, or scaffolds; and could occasionally climb ramps and stairs, bend, stoop, kneel, and crouch. R. 77. The VE responded that such an individual could not perform Plaintiff's past work but could perform the representative jobs of rental car deliverer, bookmobile driver, and mobile lounge driver. R. 77-78.

On cross-examination, Plaintiff's counsel asked the VE whether the three representative jobs would allow for a sit/stand option. R. 79. The VE responded that those jobs would involve periods of sitting and periods of standing, but not necessarily sitting/standing at will. R. 79. When asked whether an individual who needed to sit/stand at will could perform those jobs, the VE answered, "it may or may not be a fit depending on how the at will played out. Maybe, maybe not." R. 79. Plaintiff's attorney then asked whether an individual who needed to sit for thirty minutes and stand for thirty minutes could perform those jobs.[3] R. 79-80. The VE responded that he did not believe such an individual could perform those jobs. R. 80. Accordingly, an individual with an at-will sit/stand limitation could not perform the three representative jobs that the ALJ identified as jobs Plaintiff could perform. Because the ALJ's RFC assessment was not based on

---

[3] At the hearing, Plaintiff testified he could stand for thirty minutes at a time and sit for thirty minutes at a time, and then he needed to shift positions. R. 66.

substantial evidence, his hypothetical question to the VE was flawed. Consequently, remand is required

**V.      Conclusion**

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for further proceedings. On remand, the ALJ should include all of Plaintiff's limitations in the RFC and explain the evidentiary support for such determination.

SO ORDERED this 28th day of September, 2018.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**